UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL & REINFORCING IRONWORKERS LOCAL 79 HEALTH FUND, et al., | ) ) ) ) ) | Case No. 3:11-0497 |
| Plaintiffs, | ) ) ) | *Judge Trauger* *Magistrate Judge Brown* |
| v. | ) ) | |
| R&R RIGGING AND EQUIPMENT MOVING, INC., | ) ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING PRELIMINARY INJUNCTION AND WAIVING BOND

Pending before the Court is a motion by Plaintiffs for preliminary injunction and to waive any requirement for security in connection with issuance of the preliminary injunction. Defendant has not responded to the motion, and pursuant to Local Rule 8(b)(3) the failure to file a response indicates there is no opposition. Despite the lack of opposition, the Court has considered the motion and the entire record in this matter, and makes the following findings.

The motion is supported by the affidavit of Angela Rye who relates under penalty of perjury as allowed by 28 U.S.C. § 1746 that factual statements in her affidavit are true. The affidavit establishes the following: Plaintiffs are employee benefit plans as that term is defined in ERISA at 29 U.S.C. §1002 (2). Defendant is a party to a collective bargaining requiring the payment of contributions to Plaintiffs, and Defendant is an employer as that term is defined in ERISA at 29 U.S.C. 1002 (5). Under terms of the collective bargaining agreement, Defendant is obligated to send Plaintiffs a monthly payroll report with details about the hours of work and wages of its employees and the report is to be accompanied with payment of contributions.

Plaintiffs filed suit pursuant to 29 U.S.C. § 1145, which was added to ERISA in 1980 due to the Congressional recognition that delinquencies of employers in making required contributions in a timely fashion impose a variety of costs to health and pension plans, including the loss of funds to pay benefits, interest income, additional administrative expenses, attorney's fees and other legal costs, and also the possibility that employees may not receive health or pension benefits[1].

Consideration of Plaintiffs' motion for a preliminary injunction requires weighing the interests of Plaintiffs and Defendant upon the consideration of four factors: (1) whether there is a strong or substantial likelihood of Plaintiff's success on the merits; (2) whether an injunction will save Plaintiffs from irreparable injury; (3) whether an injunction will harm others, including Defendant; and (4) the impact the Court's ruling will have upon the public interest. <u>International Longshoreman's Assn. v. Norfolk Southern Corp.</u>, 927 F.2d 900, 903 (6th Cir.) cert. den. 112 S. Ct. 63 (1991). These factors are to be balanced and do not receive rigid application or an assignment of equal weight. <u>In re Eagle-Pilcher Indus., Inc.</u>, 963 F.2d 855, 859 (6th Cir. 1992).

Because uncontested facts as stated in the affidavit of Ms. Rye establish Defendant has violated 29 U.S.C. § 1145, there is a strong or substantial likelihood of Plaintiffs' success on the merits. Issuance of the injunction will likely save Plaintiffs from irreparable injury, as the Rye affidavit reveals that absent the payment of contributions, employees of Defendant may not receive health and/or pension benefits. Issuance of the injunction will not harm others, as Defendant will merely be required to conform its conduct to §515 of ERISA. The public interest embodied in §515 of ERISA will be served by issuance of the injunction.

---

[1] Senate Committee on Labor and Human Resources, S1076 - The Multiemployer Pension Plan Act Amendments of 1980, Summary and Analysis of Consideration 96th Cong., 2d Sess. at 43-4 (Comm. Print, 1980).

Accordingly, pursuant to Fed. R. Civ. P. 65 (a) the Court hereby enters a preliminary injunction against the Defendant requiring the timely future payment of contributions and submission of all monthly payroll reports, as required under 29 U.S.C. § 1145. All payments presently owing and all payroll reports presently due shall be submitted to Plaintiffs within twenty (20) days of the date of entry of this order.

Plaintiffs have also moved to waive any requirement for security in connection with issuance of the preliminary injunction pursuant to Fed. Civ. R. P. 65(c). For reasons stated in Plaintiffs' memorandum in support, the Motion is hereby granted and bond is hereby waived.

The Clerk is directed to send a copy of this order to the Defendant, R&R Rigging and Equipment Moving, Inc., c/o Business Filings Inc., R.A., 4701 Cox Rd., Ste. 301, Glen Allen, VA 23060.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
United States District Judge

APPROVED FOR ENTRY:


s/R. Jan Jennings
R. Jan Jennings, BPR No. 1536
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
Tel.: (615) 254-8801


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing has been served via United States First Class Mail with adequate postage affixed thereon to the following:

>R&R Rigging and Equipment Moving, Inc.
>c/o Business Filings Inc., R.A.
>4701 Cox Rd., Ste. 301
>Glen Allen, VA 23060

This 19th day of August, 2011.

>s/R. Jan Jennings
>R. Jan Jennings